IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THIRTY-FIVE DEVICES CURRENTLY LOCATED AT FBI COLUMBIA DIVISION, 222 CAUGHMAN FARM LANE, LEXINGTON, SC 29072 | Case No. 1:24-cr-00141 _____ |

## ORDER TO SEAL

This matter comes before the Court on motion of the United States to seal the February 14, 2024 Affidavit of Nick Marsit in support of the search warrant and the attachments thereto, as well as the return to the warrant identifying any evidence seized. The purpose of the Government's request is to protect the information contained within the documents as release of the information would jeopardize an ongoing investigation, reveal sensitive information about the nature and scope of the investigation, could result in the destruction of evidence or flight from prosecution, and to protect the identity of minor victims and witnesses.

Having conducted an independent review of the facts set forth in the affidavit in support of the search warrant and the reasons provided by the Government in its sealing motion, the Court concludes that the Government's significant countervailing interest in sealing outweighs the common-law public interest in access to such documents and that sealing the documents is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Court further concludes that the denial of access is narrowly tailored to serve the government's interests in sealing. *Id.* at 429.

In reaching this conclusion, the Court has considered alternative measures less restrictive than sealing—such as redaction of portions of the document—but finds that, at this juncture,

redaction would not protect the Government's compelling interests and un-redacted portions would largely be limited to information available in the warrant and application. *See In re Search Warrant for Secretarial Area Outside of Gunn*, 855 F.2d 569, 574 (8th Cir. 1999) (explaining that "line-by-line" redactions were "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information); *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant"). Based on the foregoing, the Court finds that the interests of justice are best served by filing the affidavit in support of the search warrant and the attachments thereto, as well as the return to the warrant under seal. Working copies may be made available to the United States Attorney's Office, Federal Bureau of Investigation, and any other law enforcement agency designated by the United States Attorney's Office.

Unless otherwise ordered, the documents sealed by this order shall remain sealed for one year from the date of this order, subject to extension for good cause shown. After one year, the Clerk of Court shall file the redacted version of the affidavit and its attachments provided by the Government on the public docket. The unredacted version of the affidavit and its attachments shall remain under seal in order to protect the identity of minor victims and witnesses identified in the affidavit.

This order is subject to the following unsealing protocol: Any person or party who seeks access to the documents sealed by this order may file a written motion or request to unseal. The Clerk of Court is directed to file any motion or request to unseal on the public docket. Regardless of when the motion or request is made, the documents sealed by this order shall remain sealed until the Government or other affected party has an opportunity to respond to any motion or request to unseal. The Government is further authorized to disclose the documents sealed by this order in accordance with the Court's Standing Order Governing Discovery upon entry of such order.

It is therefore, ORDERED, that the affidavit in support of the search warrant and attachments thereto, as well as the return, be filed under seal.

**IT IS SO ORDERED**.

_____
The Honorable Shiva V. Hodges
United States Magistrates Judge

February 14, 2024